1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   LOIS SNELSON,                          Case No. 1:24-cv-01480-JLT-CDB

12              Plaintiff,                   ORDER ON STIPULATION EXTENDING
                                             TIME FOR DEFENDANT TO RESPOND TO
13        v.                                 COMPLAINT

14   OMNI FAMILY HEALTH,                     (Doc. 8)

15              Defendant.                   ORDER VACATING MARCH 10, 2025,
                                             SCHEDULING CONFERENCE
16

17

18        **Relevant Background**

19        On October 31, 2024, Plaintiff Lois Snelson ("Plaintiff") initiated this action with the

20   filing of a complaint on behalf of herself and a putative class of others against Defendant Omni

21   Family Health ("Defendant") in the Superior Court of the State of California, Kern County,

22   entitled *Lois Snelson v. Omni Family Health*, Case No. BCV-24-103706.  (Doc. 1).  On

23   December 4, 2024, Defendant removed the action to this Court.  (*Id.*).  On December 5, 2024,

24   the parties stipulated pursuant to Local Rule 144(a) to extend by 28 days the time for Defendant

25   to respond to the complaint, up to and including January 8, 2025.  (Doc. 5).

26        This action is one of several similar class action suits brought in or removed to this Court

27   in which plaintiffs assert similar claims against Defendant.  *See*, *e.g.*, *Gober Villatoro Guerra v.*

28   *Omni Family Health*, Case No. 1:24-cv-01492-JLT-CDB ("*Guerra*") (Doc. 6).  In *Guerra*, the

1    Court noted the class action complaints here and the other Omni actions allege substantially

2    similar facts and nearly identical causes of action against Defendant.  (*Id.* at 1-2) ("From review

3    of the several complaints, it appears these actions arise from a recent, alleged cyberattack

4    resulting in a data breach of sensitive information in the possession and custody and/or control

5    of Defendant (the 'Data Breach').").

6         The Court ordered Defendant to file a Notice of Related Cases in accordance with Local

7    Rule 123(b) in *Guerra* and the identified Omni actions therein, including the instant action.  (*Id.*

8    at 3).  The Court further ordered the parties in *Guerra* to show cause why this action should or

9    should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a).  (*Id.*).  On

10   December 27, 2024, Defendant filed the Notice of Related Cases and identified as related, *inter*

11   *alia*, the instant action.  (*Guerra*, Doc. 8 at ¶ 5).  On December 30, 2024, the parties in *Guerra*

12   filed a joint status report in response to the Court's show cause order.  (*Guerra*, Doc. 9).  Therein,

13   Defendant represents it intends to file a motion to substitute the United States in the matter and

14   all other related Omni matters.  (*Id.* at 1).

15        The *Guerra* parties represent that they will file in the first filed of the Omni federal

16   actions – *Ellen Pace v. Omni Family Health*, Case No. 1:24-cv-01277-JLT-CDB – a joint

17   stipulation and proposed order consolidating and staying the Omni actions pending resolution of

18   the earlier of Defendant's forthcoming motion to substitute or motions to remand in *Abraham,*

19   *et al. v. Omni Family Health*, Case No. 1:24-cv-01456-CDB ("*Abraham*") (*Abraham*, Doc. 7) as

20   well as *Scott Stevenson and Marcos Mantoya v. Omni Family Health*, No. 1:24-cv-01459-CDB

21   ("*Stevenson*") (*Stevenson*, Doc. 11).  (*Id.* at 2).

22        **<u>Pending Stipulated Request</u>**

23        Pending before the Court is the parties' stipulated request to extend by 30 additional days

24   the time for Defendant to respond to the complaint, through and including February 7, 2025,

25   filed on January 7, 2025.  (Doc. 8).  The parties represent the requested extension will allow time

26   for: (a) other federal court actions filed against Defendant to be consolidated; (b) the Court to

27   rule upon Defendant's forthcoming motion to substitute the United States in this case as a

28   defendant pursuant to the Federal Tort Claims Act, 42 U.S.C. § 233; and (c) the Court to rule

upon the pending motions to remand.  (Doc. 8 at 2).  The parties represent that good cause exists to grant the requested extension in the efficiencies from allowing consolidation to occur and ruling on the pending motions to substitute and to remand.  (*Id.*).

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED:

1. Defendant shall have until **February 7, 2025**, to respond to the complaint by filing an answer or other responsive pleading.  *See* Local Rule 144(a); and

2. The scheduling conference set for March 10, 2025 (Doc. 4) is VACATED to be reset as necessary following ruling on the pending motions to remand in *Stevenson* and *Abraham* and resolution of the issue of consolidation.

IT IS SO ORDERED.

Dated:   __**January 8, 2025**__

_____
UNITED STATES MAGISTRATE JUDGE